■ In the Matter of RAYMOND CODY, Respondent, v BRION D. TRAVIS, as Chairman of the Division of Parole, Appellant. [663 NYS2d 320] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Berke, J.), entered July 3, 1996 in Washington County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the State Board of Parole's determination denying petitioner parole, and ordered a new parole hearing.

In 1985, petitioner was convicted of manslaughter in the first degree and sentenced to a prison term of 8⅓ to 25 years. Thereafter, on February 22, 1995, petitioner appeared before the State Board of Parole seeking release. In denying petitioner's application in this regard, the Board cited the "heinous and brutal nature" of the underlying offense, wherein petitioner "caused the death of the 16 year old female victim by striking her in the head with a blunt instrument and then [burying] her body under some window frames" where she was not discovered until approximately four months later. As a result, the Board placed a 24-month hold on petitioner and scheduled his next parole hearing for February 1997.

Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination. Supreme Court granted petitioner's application and remanded the matter for a new hearing, finding that the Board, in reaching its determination, assumed a fact not in evidence—namely, that petitioner struck the victim in the head with a blunt instrument. This appeal by respondent followed.

Inasmuch as the 24-month period set forth in the Board's determination has expired, respondent's appeal is moot (*see, People ex rel. Vines v Executive Dept.*, 237 AD2d 778; *Matter of Alexander v Rodriguez*, 182 AD2d 958). As we are unable to discern any exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715), the appeal must be dismissed.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.